UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MIGUEL HERNANDEZ<br><br>Plaintiff,<br><br>-v-<br><br>BC SERVICES, INC.<br><br>Defendant. | CASE NO.: 3:18-cv-001946<br><br>JUDGE:<br><br>**COMPLAINT**<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Miguel Hernandez, for his complaint against BC Services, Inc. ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a *et seq.* ("ICFA"), stemming from Defendant's unlawful collection practices as more fully described in this complaint.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff, Miguel Hernandez ("Mr. Hernandez"), is a natural adult person residing in Mount Vernon, Illinois, which lies within the Southern District of Illinois.

5. Mr. Hernandez is a "person" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Hernandez is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, BC Services, Inc., is a Colorado corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

12. On or around September 14, 2018, Defendant mailed a dunning correspondence to Mr. Hernandez attempting to collect a medical debt allegedly incurred to *Mid America Radiology* in the amount of $986.42 (the "Subject Debt"). A copy of the correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

13. Mr. Hernandez did not recognize the Subject Debt as belonging to him.

14. The Collection Letter was the initial communication Mr. Hernandez received from Defendant concerning the Subject Debt.

15. As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, disclosed by Defendant to Mr. Hernandez pursuant to 15 U.S.C. § 1692g (the "G Notice"). *See* Exhibit A.

16. Despite the Collection Letter containing the G-Notice, it demanded immediate payment from Mr. Hernandez by including a detachable payment coupon, forming the top of the Collection Letter. *See* Exhibit A.

17. Defendant's demand for immediate payment from Mr. Hernandez within the Collection Letter overshadowed its disclosure of the G Notice to him.

18. Concerned about the Collection Letter he received, Mr. Hernandez called Defendant on or around September 24, 2018. Defendant's representative instructed Mr. Hernandez that he owed a total of $7,595.04 from six (6) open accounts. Mr. Hernandez advised that he could not pay and representative advised that the file would be notated but that Mr. Hernandez could set up a payment plan and attempt to pay on the smaller accounts first and work up to the bigger accounts, advising that any payments would help as some of the accounts are reporting to the Credit Bureaus (the "Phone Call").

19. Defendant's demand for immediate payment from Mr. Hernandez within the Collection Letter and subsequent demand for payment during the Phone Call within the thirty (30) day debt verification period ultimately overshadowed Mr. Hernandez's rights under the G Notice.

20. Confused and concerned after receiving the Collection Letter and Phone Call, Mr. Hernandez spoke to his attorneys for assistance and clarification regarding his rights.

## DAMAGES

21. Mr. Hernandez was misled by Defendant's collection actions.

22. Mr. Hernandez justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

23. Due to Defendant's conduct, Mr. Hernandez was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. After a reasonable time to conduct discovery, Mr. Hernandez believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

25. Due to Defendant's conduct, Mr. Hernandez is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

**GROUNDS FOR RELIEF**

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f, f(1) and g(b)*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of

this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

"Collection activities and communications that do not otherwise violate this title may continue during the thirty-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the thirty-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1) and g(b) by making a demand for immediate payment of the Subject Debt from Plaintiff twice within the thirty (30) day grace period provided to him under the G Notice. Such demands for payment were inconsistent with and overshadowed Plaintiff's rights under the FDCPA. As such, Defendant ultimately used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

29. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the collection communications in relation to his rights under § 1692(g) of the FDCPA.

30. As an experienced debt collector, Defendant knows that its representations to consumers concerning their rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive. Defendant also knows that it must afford each consumer an opportunity to exercise his or her debt verification rights within the allotted thirty (30) day time period without excessive or inconsistent collection activity or communication with the consumer.

31. As set forth in paragraphs 21 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

5

## COUNT II
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

32. All prior paragraphs are incorporated into this count by reference.

33. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

34. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.  The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

35. Defendant engaged in unfair and deceptive acts or practices, in violation of 815 ILCS 505/2, by twice demanding immediate payment from Plaintiff within thirty (30) days of its G Notice disclosure to Plaintiff, ultimately overshadowing and acting inconsistently to Plaintiff's rights under the FDCPA.

36. Defendant intended that Plaintiff rely on its unfair, unlawful and deceptive collection activity in order to procure immediate payment of the Subject Debt.

37. As set forth in paragraphs 21 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

38. Plaintiff is therefore entitled to relief pursuant to 815 ILCS 505/10a.

39. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Miguel Hernandez, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and 815 ILCS 505/10a;

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 815 ILCS 505/10a;

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 12th day of October, 2018.            Respectfully Submitted,

                                                                                                              */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
Kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

 /s/ Kristen C. Wasieleski
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS           )
                            ) ss
COUNTY OF JEFFERSON         )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Miguel Hernandez, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of October, 2018.



_____
Signature