UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

|  |  |  |
|---|---|---|
| | ) | Case No. 18-CV-01946-SMY-DGW |
| MIGUEL HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BC SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION TO STRIKE AMENDED COMPLAINT**

---

COMES NOW, Defendant, BC Services, Inc. ("BCS"), by its counsel, pursuant to

Fed. Rule Civ. Pro. ("F.R.C.P.") 12(f)(2) and hereby moves this honorable Court for an

order striking the Plaintiff's Amended Complaint for failure to comply with F.R.C.P. rules

7 and 15 and SDIL-LR 15.1, and as grounds therefore states as follows:

<u>CERTIFICATE OF CONFERRAL</u>

Undersigned counsel has conferred with counsel for Plaintiff prior to filing this

motion. Plaintiff's counsel indicated that Plaintiff does not take a position with regard to

the motion, however Plaintiff would not agree to withdraw the Amended Complaint.

<u>PROCEDURAL POSTURE</u>

On October 12, 2018, the Plaintiff filed his Complaint. (Doc. 1). On October 15,

2018, BCS executed a Waiver of Service. (Doc. 6).  Per F.R.C.P. 12(a)(1)(A)(ii) the

deadline for BCS to answer or otherwise respond was December 14, 2018.  A week

prior to that response deadline, BCS filed its 12(b)(6) Motion to Dismiss for Failure to

State a Claim on December 7, 2018. (Doc. 10).  Pursuant to SDIL-LR 7.1(c)(1), Plaintiff

1

has until January 10, 2019 to file a response to BCS' Motion to Dismiss.[1] Without

conferral with counsel for BCS, nor alerting the Court, Plaintiff filed his Amended

Complaint directly into the case via ECF on December 18, 2018. (Doc. 11).

APPLICABLE LAW

F.R.C.P. 7(a) sets forth the pleadings that may be filed in a Federal civil matter.

The Rule 7(a) list is exhaustive. *A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing*

*Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130,* 562 F.3d 784,

790 (7th Cir. 2009). A party attempting to file beyond the pleadings enumerated in Rule

7(a) should file a motion pursuant to Rule 7(b). *Id.*  F.R.C.P. 15(a) governs the filing of

an amended pleading.  A party seeking leave to amend must, inter alia, submit a

proposed amendment to the court. A court has no obligation to grant leave to amend

where the plaintiff has not made a request to amend or does not show how defects in

existing complaint will be cured. *Haywood v. Massage Envy,* 887 F.3d 329 (7th Cir.

2018).

In this District, Local Rule 15.1 sets forth the procedure by which parties shall

seek to amend their pleadings. Rule 15.1 states as follows, in part:

> A proposed amendment to a pleading or amended pleading itself
> must be submitted at the time the motion to amend is filed.
> Proposed pleadings must be submitted in accordance with CM/ECF
> User's Manual Section 2.10 titled 'Submitting a Proposed
> Document.'
>
> Section 2.10 provides that proposed orders, **proposed amended
> complaints** … require court approval before actually being filed
> and given full effect." (emphasis added)

---

[1] The deadline appears in the ECF full docket text for the Motion to Dismiss, Doc. 10, and is automatically generated in the ECF system upon the filing of the motion.

A valid local rule has the effect of law, and must be obeyed. *Hollingsworth v. Perry,* 558

U.S. 183, 191 (2010); *Frakes v. Peoria Sch. Dist. No. 150,* 872 F.3d 545, 549 (7th Cir.

2017).  Compliance with Local Rule 15.1 is expected when seeking to amend a

complaint.  *Burke v. Ethyl Petroleum Additives, Inc.,* 359 F.Supp.2d 726, 731 (S.D.

Illinois 2005).

ARGUMENT

Plaintiff has filed an Amended Complaint directly through the Court's ECF system

(at Doc. 11 ) without having followed SIL-LR 15.1. The Rule refers litigants to the ECF

User Manual section 2.10, which directs that proposed amended complaints "require

court approval before actually being filed" and thus, "such documents must be attached

to an email sent to the email address of the assigned judge." As it sets forth the

exclusive procedure for seeking leave to file an amended complaint, by its' operation

Rule 15.1 prohibits a direct filing via ECF into a pending case. Plaintiff has not identified

any exemption to the rule, nor has Plaintiff offered an argument as to why the rule

should not apply in this instance.

Rule 15.1 serves a valid purpose, and disregarding it here will prejudice BCS.

Specifically, there is no order regarding the Amended Complaint, and therefore the

parties are struggling to come to agreement on procedure and timeframes that govern

the pleadings and procedure going forward. For instance, is the filing of the Amended

Complaint in this fashion sufficient to render the Motion to Dismiss invalid? Must BCS

file an Answer, or will a renewed Motion to Dismiss be permitted, and with what

deadlines? These issues are already recognized by the Court as a valid reason for

following the Rule 15.1 procedure. "[T]o prevent confusion, such documents must be

3

attached to an e-mail sent to the e-mail address of the assigned judge." SDIL <u>Chambers</u>

<u>procedures for Submitting a Proposed Document</u>, Found at

<u>https://www.ilsd.uscourts.gov/Judges.aspx</u> last accessed December 27, 2018.

More importantly, BCS has reviewed the Proposed Amended Complaint

carefully, and it does not appear to present new or additional facts, nor claims, that

materially change the claims that are set forth in the operative Complaint. Rule 15.1

goes a long way to resolving these issues in an efficient, non-prejudicial fashion.

The purpose of Rule 15.1 is readily apparent. With the benefit of Rule 15.1, the

Court and parties are afforded an opportunity to review the new material (which must be

underlined) to ascertain whether the proposed amendment cures defects, presents new

or changed facts, would materially alter the litigation, or whether the amendment is

interposed for a proper purpose. Compliance with Local Rule 15.1 is expected when

seeking to amend a complaint. *Burke v. Ethyl Petroleum Additives, Inc.*, 359 F.Supp.2d

726, 731 (S.D. Illinois 2005).

As additional authority for granting this request to strike the Plaintiff's improperly

filed amended complaint, BCS relies upon this Court's Case Management Procedures

("CMP").[2]  Therefore, the Court has already advised the parties that, "Judge Wilkerson

requires adherence to the Local Rules except in rare cases, of which he will directly

advise parties. **Therefore, questions about Local rules and procedures covered by**

**such Rules should be addressed by reading the Rules**…." (emphasis in original).

All attorneys with a federal practice are generally presumed to possess a working

familiarity with how litigation is fairly conducted under the Federal Rules of Civil

---

[2] Found at <u>https://www.ilsd.uscourts.gov/documents/Wilkerson.pdf</u> last accessed December 27, 2018.

Procedure. Where, as here, the litigants are represented by counsel who are located well outside the district, the Local Rules and other guidance materials serve as a lingua franca of sorts, for how the respective court expects to receive the presentation of that litigation. It is not unreasonable to require that Plaintiff follow them. Put simply, these rules enable everyone, the near and the far, to participate equally. It is not unreasonable to require that Plaintiff follow them.

In light of the foregoing, and pursuant to F.R.C.P. 12(f)(2), BCS requests that the Court strike Plaintiff's Amended Complaint (Doc. 11).

Respectfully submitted this December 28, 2018.

s/ Brett P. Riley_____
Brett P. Riley  **(lead counsel)**
General Counsel, BC Services, Inc.
550 Disc Dr.
Longmont, CO 80503
(303) 532-3674
Briley@bcservice.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018 I electronically filed the foregoing **MOTION TO STRIKE AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will cause service to be accomplished to:

Kristen Wasieleski
Consumer Law Partners, LLC

s/ Brett P. Riley_____

5