UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| MIGUEL HERNANDEZ, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV-1946-GCS |
| BC SERVICES, INC., | ) |
| Defendant. | ) |

MEMORANDUM & ORDER

SISON, Magistrate Judge:

Plaintiff Miguel Hernandez filed suit against Defendant BC Services, Inc. alleging that the collection practices they used to attempt to collect a debt from him violated the Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. Before the Court is a motion to dismiss filed by Defendant BC Services, Inc. (Doc. 24). For the reasons delineated below, the Court grants the motion to dismiss and directs Plaintiff to file an amended complaint on or before October 25, 2019.

FACTUAL ALLEGATIONS

The Fair Debt Collection Practices Act ("FDCPA") regulates debt collectors who assume debts in default and collect, or attempt, to collect them from consumers. Plaintiff Miguel Hernandez, a consumer, alleges that Defendant BC Services, Inc. is in the business of collecting debts on behalf of others and, in the course of business, BC Services, Inc. regularly uses the mail and/or the telephone to collect or attempt to

collect delinquent consumer accounts. On or about September 14, 2018, BC Services mailed a dunning correspondence to Hernandez in which they attempted to collect a medical debt that Hernandez allegedly owed to Mid America Radiology in the amount of $986.42. The debt was in default when it was sold, assigned or transferred to BC Services for collection.

The September 14th dunning letter was the first communication Hernandez received from BC Services, and he did not recognize the debt as belonging to him. The letter contained the required debt verification rights notice pursuant 15 U.S.C. § 1692g (*i.e.,* the "G Notice"). According to Hernandez, the letter demanded immediate payment by including a detachable payment coupon at the top. He alleges that the demand for immediate payment overshadowed the G Notice disclosure.

On or about September 18, 2018, BC Services called Hernandez, but he did not answer. Hernandez called BC Services back on September 24, 2018. A representative for BC Services informed him that he actually owed a total of $7,595.04 stemming from 6 open accounts. Hernandez alleges that he was taken aback by the substantial increase in the amount of money BC Services was attempting to collect. The representative suggested a payment plan, advising that any payments would help as some of the accounts he owed were being reported to the Credit Bureaus. Between the demand for immediate payment and the call within the 30-day debt verification period required by the FDCPA, Hernandez alleges that his rights under the G Notice were overshadowed in violation of the FDCPA. He also alleges that said actions violate the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

## LEGAL STANDARD

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. Proc. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.*

## ANALYSIS

Hernandez concedes that his ICFA claim is insufficient pleaded, so the Court considers only the sufficiency of his FDCPA claim. The FDCPA is absolute: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Debt collectors run afoul of this prohibition by making a "false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A), as well as by using "any false representation or deceptive means to collect or attempt to collect any debt." 15

U.S.C. § 1692e(10).

The Seventh Circuit has consistently viewed collection letters through the eyes of the "unsophisticated consumer" in weighing whether they violate the FDCPA. *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). The unsophisticated consumer is not a "dimwit" but "may be 'uninformed, naïve, [and] trusting" with "rudimentary knowledge about the financial world." *Wahl*, 556 F.3d at 645 (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) and *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). A statement is not false within the meaning of the FDCPA unless it would confuse the unsophisticated consumer. *See Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

The state of mind of the debt collector is irrelevant, as the FDCPA is a strict liability statute, but the debtor's state of mind is evaluated on an objective standard. *See Turner*, 330 F.3d at 995. Courts must consider whether a letter is confusing to a "significant fraction of the population" and not just to the "least sophisticated consumer." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004). The question of whether an unsophisticated consumer would find debt collection language misleading is a question of fact. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999). Generally, it cannot be resolved on a motion to dismiss, as federal judges "are not necessarily good proxies for the 'unsophisticated consumers' protected by the FDCPA." *Koehn v. Delta Outsource Group, Inc.*, No. 19-1088, 2019 WL 4666297, at *2 (7th Cir. Sept. 25,

2019)(citations omitted). If it is clear, however, that "'not even a significant fraction of the population would be misled' by a collection letter, then the complaint can and should be dismissed." *Id.* (citing *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)).

Hernandez concedes that the dunning letter, on its face, does not violate § 1692g, but he urges viewing it within the context of his entire claim, which includes the phone call in which the amount of his debt increased drastically just days after he received the validation letter. While debt collectors may continue collection efforts during the validation period if no validation request is received, the collection activities must not otherwise violate the FDCPA. *See* 15 U.S.C. § 1692g(b).

While the letter on its own would not sow confusion in an unsophisticated consumer, the phone call mere days later claiming that the debt owed was thousands of dollars higher coupled with receipt of the letter arguably could be confusing. However, it is unclear from Hernandez's complaint whether these statements were "false, deceptive or misleading" under § 1692e or how they might qualify as "unfair or unconscionable" under § 1692f. As such, his claim does not satisfy the notice-pleading standard of Rule 8.

## Conclusion

For the above-stated reasons, Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED without prejudice**. There are clear deficiencies in Hernandez's complaint, but the Court finds that they could be rectified with an amended complaint. As such, the Court grants Hernandez leave to amend his

complaint and DIRECTS plaintiff to file a second amended complaint on or before October 25, 2019.

**IT IS SO ORDERED.**

Dated: September 27, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.09.27 15:04:48 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge